| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>MORDECHAI ECKHAUS,<br>                                        Plaintiff,<br>              - against-<br><br><br>CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER ANDREA LEMMON (Shield No.: 7338) and POLICE OFFICERS "JOHN DOES 1-4" (assaulting police officers) in their official and individual capacity.<br><br>                                        Defendants.<br>-------------------------------------------------------------------X | Civil Action No.: 18-CV-6901<br><br>Date Purchased:<br><br>**SUMMONS**<br><br>Plaintiff designates Kings as the place of trial.<br><br>The basis of venue is plaintiff's place of residence.<br><br>Plaintiff resides at: 432 Sterling Street, Brooklyn, NY 11225 |

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**Dated:  New York, New York**

     August 2, 2019

                                            **TAMIR LAW GROUP PC**

                                             **/s/ Alexander Rotyblat, Esq.**
                                           80 Broad Street, Ste. 1302
                                           New York NY 10004
                                           (212) 444-9970

**DEFENDANT'S ADDRESSES:**
Corporation Counsel
City of New York Law Department
100 Church Street
New York NY 10007

Notice: The nature of this action are Civil Rights Violation, Malicious Prosecution, False Arrest/Imprisonment, Negligence, and Personal Injury.
The relief sought is as follows:
A sum which exceeds the jurisdictional limits of all lower Courts; together with the costs, disbursements and interest relating to each cause of action;
Upon your failure to appear, judgment will be taken against you by default in an amount which exceeds the jurisdictional limits of all lower Courts, together with the costs, disbursements and interest relating to each cause of action.

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MORDECHAI ECKHAUS,                                           Civil Action No. 18-CV-6901

                              Plaintiff,                       **AMENDED COMPLAINT**

           -against-                                         **JURY TRIAL DEMANDED**

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER ANDREA
LEMMON (Shield No.: 7338) and POLICE OFFICERS
"JOHN DOES 1-4" (assaulting police officers) in their official
and individual capacity,

                              Defendants.
-----------------------------------------------------------------X

       Plaintiff Mordechai Eckhaus ("Eckhaus" or "Plaintiff"), by and through his attorneys, Tamir Law Group P.C., complaining of the defendants herein, respectfully alleges, upon information and belief:

## NATURE OF THE ACTION

       1.     This action is brought by Plaintiff for monetary relief for the violation of his Civil Rights pursuant to 42 U.S.C. §§ 1983 and 1988; false arrest/false imprisonment; use of excessive force; intentional infliction of emotional distress, assault and battery, negligence, negligent hiring, supervision and retention, personal injury, loss of future earnings, medical expenses, and attorney's fees.

       2.     This court has jurisdiction over this action, pursuant to 28 U.S.C. §1331 for all civil actions arising under the Constitution, and pursuant to 42 U.S.C. §1983 for the deprivation and violation of Plaintiff's civil rights.

3. The causes of action alleged herein arose in the County of Kings, Eastern District of New York.

**PARTIES**

4. That at all times hereinafter mentioned, the Plaintiff was and still is a resident of the County of Kings, State of New York.

5. Defendant, CITY OF NEW YORK (the "City"), is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.

6. Defendant, City, is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

7. Defendant, City, assumes the risks incidental to the maintenance of a police force and the employment of police officers.

8. Upon information and belief, always hereinafter mentioned, the defendant POLICE OFFICER ANDREA LEMMON of the 71st Precinct was and still is residents of County of Kings, State of New York

9. Upon information and belief, always hereinafter mentioned, the defendants POLICE OFFICERS "JOHN DOES 1-4" (assaulting police officers; and referred to herein as "Police Officers") of the 71st Precinct were and still are residents of the County of Kings, State of New York.

10. Defendant, City, was at all times relevant herein the public employer of Defendants, Police Officers.

11. At all times herein mentioned, Defendants, Police Officer Andrea Lemmon, and Police Officer John Does, are and were duly appointed and acting officers, servants, employees

and agents of defendant City, as employees of the New York City Police Department ("NYPD"), a municipal agency of Defendant City.

12. At all times relevant herein, the individual Defendant Police Officer Andrea Lemmon and Defendants Police Officers John Does were acting under the color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and the NYPD; in the course and scope of their duties, they functioned as officers, agents, servants, and employees of the City; they were acting for, and on behalf of, and with the power and authority vested in them by the City; and they were otherwise performing actions in the course of their duties. They are being sued individually and in their official capacities.

## STATEMENT OF FACTS

13. On or about September 6, 2017, at approximately 7:30 p.m., Plaintiff was in his residence located at 432 Sterling Street, in the County of Kings, State of New York, along with his family including his wife, son, and daughter.

14. Plaintiff resides in a second-floor apartment in a two-story residential building with access to Plaintiff's apartment via a staircase inside the building as well as approximately seven steps to ascend to access entry into the building.

15. Upon information and belief, Plaintiff's daughter called the 911 emergency line after observing a family dispute at Plaintiff's residence.

16. Multiple police officers, including Police Officer Andrea Lemmon and Defendants Police Officers arrived at Plaintiff's second floor apartment.

17. Many of the police officers, including Police Officer Andrea Lemmon and Defendants Police Officers were in protective "riot" gear when they arrived at Plaintiff's residence, including helmets, and carried shields with them.

18. Without provocation, Defendant Police Officer Andrea Lemmon and Defendant Police Officers used excessive force and violently assaulted Plaintiff's son, Yaakov, continuously striking him about the body even when he laid on the ground.

19. Upon observing the violence being inflicted upon his son by Defendant Police Officer Andrea Lemmon and Defendants Police Officers, Plaintiff, a trained volunteer emergency technician, who volunteered for the Hatzolah ambulance service, attempted to speak to the officers.

20. Plaintiff informed Defendant Police Officer Andrea Lemmon and Defendants Police Officers that he could provide his son with a sedative which he kept with him because of his volunteer ambulance work, and that violence was unnecessary.

21. Without provocation or justification, and without reasonable suspicion and/or probable cause, Defendant Police Officer Andrea Lemmon and Defendants Police Officers ignored Plaintiff's request to sedate his son, placed Plaintiff in handcuffs, dragged Plaintiff out of his apartment, down the stairs, and outside onto the pavement in front of Plaintiff's residence.

22. Defendant Police Officer Andrea Lemmon and Defendants Police Officers without reasonable suspicion and/or probable cause of wrongdoing by Plaintiff, violently knocked Plaintiff to the ground outside Plaintiff's residence, jumped on Plaintiff's back, and slammed Plaintiff's face into the concrete.

23. At no time did Plaintiff physically resist Defendants' attempt to arrest Plaintiff.

24. While Plaintiff remained pinned to the ground, Defendant Police Officer Andrea Lemmon and Defendants Police Officers, without justifiable reason or excuse, sprayed mace, or some other irritant chemical, directly into Plaintiff's face and eyes.

25. Defendant City, via its agent the NYPD, Defendant Police Officer Andrea Lemmon, and Defendants Police Officers without any reasonable suspicion and/or probable cause, unlawfully detained, handcuffed, arrested, verbally intimidated and mocked Plaintiff.

26. Defendant City, via its agent the NYPD, along with Defendant Police Officer Andrea Lemmon and Defendants Police Officers, without Plaintiff's permission and against his will, placed Plaintiff into a police car and transported him to the 71st Police Precinct in the County of Kings.

27. At the 71st Precinct, Defendant City, Defendant Police Officer Andrea Lemmon, and Defendants Police Officers (collectively, "Defendants") left Plaintiff restrained in handcuffs for in excess of three (3) hours.

28. Defendants denied Plaintiff's repeated requests for medical assistance, due to pain and impaired vision in his eyes as a result of the unknown chemical that Defendant Police Officer Andrea Lemmon and Defendant Police Officers sprayed in his eyes.

29. Defendants never informed Plaintiff the reason for his arrest and detention.

30. Defendants eventually released Plaintiff without filing any criminal charges against him and without any explanation to Plaintiff why Defendants arrested and assaulted him.

31. Defendant Police Officer Andrea Lemmon and Defendants Police Officers placed Plaintiff in imminent fear of his life or limb.

32. Plaintiff was caused to suffer severe personal injuries, including, but not limited to, nerve damage in his right wrist, posterior vitrios detachment in his left eye, impaired vision in his left eye, and psychological and emotional distress of an undetermined permanent extent.

33. Defendants, their agents, servants and/or employees were willful, wanton, malicious, reckless, and negligent in performing their duties and in their failure to protect Plaintiff

against unlawful seizure; in their failure to protect the Plaintiff from imminent and actual harm; in their failure to adequately train and supervise its personnel; in causing, permitting or allowing an unreasonable restriction of freedom and liberty; in causing, allowing or permitting its personnel to improperly effectuate arrests without probable cause; in causing, allowing or permitting its personnel to falsely charge innocent persons with crimes; in violating Plaintiff's civil and constitutional rights, such that the Kings County District Attorney never filed any charges against Plaintiff.

## NOTICE OF CLAIM

34. Plaintiff has complied with all the conditions precedent set forth in General Municipal Law 50-E.

35. Plaintiff has served a Notice of Claim with the Comptroller of the City of New York within 90 days after the claim arose and more than thirty (30) days have elapsed since service of the Notice of Claim.

36. Defendants have failed and refused to make any adjustments of the claim, causing Plaintiff to serve this complaint on defendants commencing this action.

37. This action has been commenced within one year and ninety days after the cause of action accrued.

## AS AND FOR A FIRST CAUSE OF ACTION

CIVIL RIGHTS VIOLATION
Pursuant to 42 USC §§ 1983 (False Arrest)

38. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "37" of the Amended Complaint herein with the same force and effects as if more fully set forth herein.

39. Defendants violated the Fourth amendment of the Untied States Constitution, and the New York State Constitution, by arresting Plaintiff and/or causing him to be arrested without probable cause.

40. Defendants had neither a valid basis for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

41. As a result of the complained upon incident, the Plaintiff was deprived of rights, privileges, and immunities secured by the United States Constitution, laws of the United States, and laws of the Constitution of the State of New York.

42. The complained upon incident could and should have been prevented by the Defendants, and as a result of their failure to do so, Defendants committed a violation of Plaintiff's Civil Rights.

43. Defendant Police Officer Andrea Lemmon and Defendant Police Officers failed to act reasonably to ascertain whether Plaintiff had committed any illegal actions prior to acting to restrict his liberty.

44. Defendants removed Plaintiff from his home, intentionally detained him, and transported and confined Plaintiff at the 71st Precinct against his will.

45. Plaintiff was conscious of his confinement and did not consent to his arrest or confinement.

46. Defendants unlawfully detained Plaintiff without probable cause.

47. Plaintiff was never convicted of any offense related to the complained upon incident.

48. Defendant Police Officer Andrea Lemmon and Defendant Police Officers acted under the scope of their authority designated to them by virtue of their status as City employees.

49. Defendants violated Plaintiff's Fourth Amendment Rights under the United States Constitution as well as his rights under the New York State Constitution by forcibly detaining Plaintiff against his will without justification.

50. As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, deprivation of liberty, and violation of his civil and constitutional rights.

## AS AND FOR A SECOND CAUSE OF ACTION

Pursuant to 42 USC § 1983 (Excessive Force)

51. The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "50" of this Amended Complaint herein with the same force and effect as if more fully set forth herein.

52. Plaintiff also had the right under the Fourth Amendment of the United States Constitution to body integrity and the right to be free from excessive force by law enforcement.

53. Any reasonable police officer knew or should have known these rights at the time of the complained of conduct as they were clearly established by law at the time.

54. Defendant Police Officer Andrea Lemmon and Defendant Police Officers actions and use of force against Plaintiff, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them, and in violation of Plaintiff's Fourth Amendment rights.

55. Defendant Police Officer Andera Lemmon and Defendant Police Officers were not provoked when they used excessive force in causing Plaintiff to be restrained.

56. The force used by Defendant Police Officer Andrea Lemmon and Defendants Police Officers was excessive and did cause Plaintiff serious bodily injury.

57. The force used by Defendant Police Officer Andrea Lemmon and Defendants police officers in unlawfully restraining Plaintiff was objectively unreasonable, excessive, and shocked the conscious in violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

58. At the time of the complained of events, Plaintiff had a clearly established right under the Fourth Amendment of the United States Constitution to be secure in his person from unreasonable seizure through excessive force.

59. As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, deprivation of liberty, and violation of his civil and constitutional rights.

### AS AND FOR A THIRD CAUSE OF ACTION

Pursuant to 42 USC §1983 (Failure to Intervene)

60. The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "59" of this Amended Complaint herein with the same force and effect as if more fully set forth herein.

61. At the time of the complained of events, Plaintiff had a clearly established right under the Fourth Amendment of the United States Constitution to be secure in his person form unreasonable seizure through excessive force.

62. Defendant Police Officer Andrea Lemmon and Defendants Police Officers had an affirmative duty to intervene to protect the constitutional rights of Plaintiff from infringement by other law enforcement officers in their presence.

63. Defendant Police Officer Andrea Lemmon and Defendants Police officers observed, or had reason to know of, the excessive force utilized by the other Defendants Police Officers.

64. Defendant Police Officer Andrea Lemmon and Defendant Police Officers had a reasonable opportunity to intervene to protect Plaintiff from the harm that occurred to him.

65. As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, deprivation of liberty, and violation of his civil rights and constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION

Pursuant to State Law (Assault)

66. The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "65" of this Amended Complaint herein with the same force and effect as if more fully set forth herein.

67. Defendant Police Officer Andrea Lemmon and Defendants Police Officers while in the course of their employment with defendant City, intentionally attempted and/or threatened to inflict bodily harm upon the Plaintiff.

68. Defendant Police Officer Andrea Lemmon and Defendants Police Officers intended that Plaintiff believe that he would be subject to imminent or offensive contact from Defendants Police Officers.

69. Defendant Police Officer Andrea Lemmon and Defendants Police Officers had the apparent ability to cause Plaintiff harm.

70. Plaintiff reasonably feared as a result of the threatening behavior by Defendant Police Officer Andrea Lemmon and Defendants Police Officers that Plaintiff was in danger of Defendants Police Officers causing him bodily harm and/or offensive contact.

71. As a result of Defendant Police Officer Andrea Lemmon and Defendants Police Officers' assault of Plaintiff, Plaintiff has sustained permanent physical and psychological injuries.

72. As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, serious personal injuries of mind as well as special damages and loss and/or diminution of life, all of which are permanent in nature.

## AS AND FOR A FIFTH CAUSE OF ACTION

Pursuant to State Law (Intentional Infliction of Emotional Distress)

73. The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "71" of this Amended Complaint herein with the same force and effect as if more fully set forth herein.

74. Defendant Police Officer Andrea Lemmon and Defendants Police Officers acted with extreme and outrageous conduct with the intent to cause severe emotional distress

75. Defendant Police Officer Andrea Lemmon and Defendants Police Officers acted with extreme and outrageous conduct with disregard to the substantial probability of causing severe emotional distress.

76. Defendant Police Officer Andrea Lemmon and Defendants Police Officers extreme and outrageous conduct was the proximate and direct cause of the Plaintiff's injuries and damages set forth herein.

77. Plaintiff suffered severe emotional distress and physical injuries as a result of the Defendant's extreme and outrageous conduct.

78.     As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, serious personal injuries of mind as well as special damages and loss and/or diminution of life, all of which are permanent in nature.

### AS AND FOR A SIXTH CAUSE OF ACTION

Pursuant to State Law (Battery)

79.     The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "78" of this Verified Complaint herein with the same force and effect as if more fully set forth herein.

80.     At the time of the complained events, Defendant Police Officer Andrea Lemmon and Defendants Police Officers, while in the course of their employment with the Defendant City, intentionally and violently contacted Plaintiff without cause, provocation, justification, or consent.

81.     As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, serious personal injuries of mind as well as special damages and loss and/or diminution of life, all of which are permanent in nature.

### AS AND FOR A SEVENTH CAUSE OF ACTION

Pursuant to State Law (Negligent Infliction of Emotional Distress)

82.     The Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "81" of this Amended Complaint herein with the same force and effect as if more fully set forth herein.

83.     At the time of the complained of events, Defendant Police Officer Andrea Lemmon and Defendants Police Officers owed Plaintiff a duty of care.

84. Defendant Police Officer Andrea Lemmon and Defendant Police Officers acted with extreme and outrageous conduct which negligently caused severe emotional distress and physical harm to Plaintiff

85. Defendant Police Officer Andrea Lemmon and Defendant Police Officers acted with extreme and outrageous conduct with disregard to the substantial probability of causing severe emotional distress.

86. Defendant Police Officer Andrea Lemmon and Defendant Police Officers' extreme and outrageous conduct was the proximate and direct cause of the Plaintiff's injuries and damages set forth herein.

87. As a result of Defendant Police Officer Andrea Lemmon and Defendants Police Officers' extreme and outrageous conduct, Plaintiff suffered severe emotional distress and physical harm.

88. As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, serious personal injures of mind as well as special damages and loss and/or diminution of life, all of which are permanent in nature.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

Pursuant to State Law (Respondeat Superior)

89. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "88" of this Amended Complaint herein with the same force and effect as if more fully set forth herein.

90. At the complained of events, Defendant Police Officer Andrea Lemmon and Defendants Police Officers were acting within the scope of their employment with the City.

91. The complained of events occurred while Defendant Police Officer Andrea Lemmon and Defendants Police Officers were on duty , in and during the course and scope of their duties and functions as New York City Police Officers and while they were acting as agents and employees of the City.

92. Defendant City was able to exercise control over Defendant Police Officer Andrea Lemmon's activities and Defendants Police Officers activities.

93. Defendant City is liable to Plaintiff under the common law doctrine of *respondeat superior*.

94. As a result of the foregoing, Plaintiff suffered damages including physical injury, mental anguish, emotional distress, humiliation, serious personal injuries of mind as well as special damages and loss and/or diminution of life, all of which are permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendants in this action, jointly and severally, for compensatory damages, punitive damages on each cause of actions, awarding Plaintiff reasonable attorney's fees pursuant to 42 U.S.C. §1988, costs and disbursements of this action, and such other and further relief as this court deems just and proper.

Dated:  New York, NY
        August 2, 2019

                                         ___/s/ Alexander Roytblat_____
                                         **TAMIR LAW GROUP PC**
                                         **Alexander Roytblat, Esq.**
                                         Attorneys for Plaintiff(s)
                                         30 Broad Street, 14th Fl
                                         New York, NY 10004
                                         (212) 444-9970